UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH GRAVAGNA,

                Plaintiff,

-against-

SHERRI EISENPRESS, ACTING SUPREME COURT ROCKLAND COUNTY; ANTOINETTE GRAVAGNA; ROCKLAND COUNTY; ROCKLAND COUNTY EXECUTIVE ED DAY; NY STATE COURTS; STATE OF NY; ANDREW CUOMO – GOVERNOR NY STATE,

                Defendants.

19-CV-0700 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under Title II and Title III of the Americans With Disabilities Act (ADA) and the Fourteenth Amendment to the Constitution. Plaintiff alleges that Defendants are violating his rights in proceedings before the New York State Supreme Court, Rockland County. Plaintiff also submitted a proposed order to show cause, with accompanying memorandum of law, seeking to have this Court intervene in the pending state-court proceedings. By order dated March 15, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court denies Plaintiff's request for an order to show cause and dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

### A. *Gravagna I*

Plaintiff asserts that he suffers from ADHD and is disabled under the ADA. In 2018, he filed a complaint in this Court against Sherri Eisenpress, Acting Justice of the Supreme Court, Rockland County; Antoinette Gravagna, his wife or former wife; Ellen Holtzman, Ms. Gravagna's attorney; and Harvey Eilbaum, Deputy Director of Legal Aid Rockland County. *See Gravagna v. Eisenpress*, No. 18-CV-3984 (CM) (S.D.N.Y. May 16, 2018) (*Gravagna I*). In that action, Plaintiff requested that this Court intervene in his divorce and child custody proceedings before the Rockland County Supreme Court. He asserted that Ms. Gravagna violated the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030, by improperly accessing documents from his business computer to obtain child support payments. Plaintiff also claimed that Justice Eisenpress, who is presiding over the state-court proceedings, made racially charged comments about him; violated the First Amendment by issuing an order of protection that resulted in his being separated from his two children; and refused to reschedule court dates, grant him a court attorney, and make rulings in his favor. Plaintiff claims that Justice Eisenpress failed to take reasonable measures to accommodate his disability, thus violating the ADA.

On May 16, 2018, this Court denied Plaintiff's request for injunctive relief and dismissed *Gravagna I*, holding that abstention under *Younger v. Harris*, 401 U.S. 37 (1971), was

2

appropriate as the state-court action involved child custody and child support issues with important state interests. The Court further determined that Justice Eisenpress enjoyed judicial immunity for actions taken within the scope of her judicial responsibilities; Gravagna, Holtzman, and Eilbaum were not subject to liability under 42 U.S.C. § 1983 for the alleged constitutional violations; Plaintiff failed to allege facts showing that any defendant discriminated against him *because* of his ADHD; and Plaintiff failed to state a claim for relief under the CFAA.

**B.     Present Action**

Plaintiff now brings this second action arising out of the same Rockland Supreme Court proceedings as *Gravagna I*. As well as again suing Justice Eisenpress and Ms. Gravagna, he also brings claims against Rockland County, Rockland County Executive Ed Day, NY State Courts, State of NY, and Governor Andrew Cuomo. Plaintiff requests that the Court find that an exception to *Younger* applies to this action because the law that is being enforced in the state-court proceedings is "utterly and irredeemably unconstitutional. (ECF No. 3 at 3.)[1] In particular, Plaintiff takes issues with Justice Eisenpress's denial of his requests to stay court orders requiring him to take a psychiatric evaluation, domestic abuse classes, and "[s]upervised visits to big brother and big sister." (*Id.*) He contends that the denial of these requests and other adverse rulings constitute discrimination on the basis of his disability, in violation of the ADA. Plaintiff further alleges that Justice Eisenpress also discriminated against him on the bases of his disability and gender by refusing to allow him to conduct a cross examination of a video to refute Ms. Gravagna's claims. Plaintiff asserts that the alleged discrimination is in violation of the Fourteenth Amendment. He also argues that "[j]udicial immunity does not apply because Judge

---

[1] Citations to Plaintiff's documents refer to the pagination generated by the Court's electronic case filing system (ECF).

3

Eisenpress as well as Rockland County as well as NY State are required to provide ADA accommodations in all court [h]earings." (*Id*. at 4.)

**DISCUSSION**

A.        **Dismissal of Complaint**

The Court dismisses this complaint for substantially the same reasons as *Gravagna I*. As in *Gravagna I*, this Court must abstain under *Younger* from interfering in Plaintiff's ongoing state-court proceedings, involving child custody and child support issues and "implicat[ing] a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jaco*bs, 571 U.S. 69, 72-73 (2013). Plaintiff's dissatisfaction with decisions made in the ongoing state-court action does not mean that there has been bad faith, harassment, or irreparable injury sufficient to warrant this Court's interference. The Court therefore dismisses this complaint under the *Younger* doctrine.

As it did in *Gravagna I*, the Court construes Plaintiff constitutional claims as being brought under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The Court again finds, despite Plaintiff's contentions, that Justice Eisenpress is entitled to judicial immunity for actions taken within the scope her judicial responsibilities, including the denial of Plaintiff's requests. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). To the extent Plaintiff asserts constitutional claims against Antoinette Gravagna, a private actor, those claims are again dismissed because she is not subject to liability under § 1983. *See Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). Further, Plaintiff fails to allege any facts showing that Rockland County, a municipality, was responsible for any violation of his rights, *see Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or

'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); or that Executive Ed Day was personally involved in the events underlying his claims, *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.").

In addition, Plaintiff's claims against the State of New York, the New York State Courts a state agency, and Governor Cuomo, sued in his official capacity, are barred by the Eleventh Amendment. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. Further, where a state official is sued for damages in his or her official capacity, such a suit is deemed to be a suit against the state and is barred by the Eleventh Amendment. *See Amaker v. N.Y. State Dep't of Corr. Servs.*, 435 F. App'x 52, 54 (2d Cir. 2011) (citing *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993)); *see also Moore v. NYS Attorney Gen.*, 89 F. App' x 308, 309 (2d Cir. 2004) (affirming dismissal under Eleventh Amendment of official capacity claims against New York State Attorney General). Plaintiff's claims against the State of New York, New York State Courts, and Governor Cuomo are therefore barred by the Eleventh Amendment, and are also dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero*, 171 F.3d at 760 (2d Cir. 1999).

Plaintiff's purported claims under the ADA must also be dismissed.[2] Even if the Court assumes that Plaintiff is disabled within the meaning of the ADA, his assertions do not show that any defendant discriminated against him *because of* his ADHD. He fails to allege any facts suggesting a plausible connection between his ADHD and either Judge Eisenpress's denial of his requests or any other defendants' actions. As stated in *Gravagna I*, it is not enough for Plaintiff to indicate that he is disabled and that bad things happened to him in the state-court proceedings; he must allege facts from which a reasonable trier of facts could infer that the reason these things happened to him was because of his disability. Plaintiff's ADA claims are therefore dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123‑24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

### B. Warning to Plaintiff

Based on the dismissal of *Gravagna I*, the Court finds that Plaintiff was or should have been aware that his present claims lacked merit when he filed them. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff is warned that further

---

[2] Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title III of the ADA prohibits discrimination " on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

litigation about his state-court proceedings or other frivolous matters in this Court will result in an order barring him from filing any new actions without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, electronically transmit this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed under the *Younger* abstention doctrine and pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). His request for an order to show cause (ECF No. 3) is denied.

Plaintiff is warned that further frivolous litigation in this Court will result in an order barring him from filing any new actions without prior permission. *See* 28 U.S.C. § 1651. The Clerk of Court is also instructed to terminate all other pending matters.

The Clerk of Court is further directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 2, 2019
         New York, New York

                                            COLLEEN McMAHON
                                            Chief United States District Judge